UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KRISTINA CALLAHAN<br>370 E. Church St. Apt. B<br>Marion, OH 43302 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE |
| *On behalf of herself and all others*<br>*similarly situated,* | )<br>)<br>) | **PLAINTIFF'S COLLECTIVE**<br>**ACTION COMPLAINT** |
| Plaintiff, | )<br>) | (Jury Demand Endorse Herein) |
| *v.* | )<br>)<br>) | |
| PROGRESSIVE LIVING, INC.<br>c/o Statutory Agent Barbara A. Smith<br>3523 Pleasant Hill Rd.<br>Marion, OH 43302 | )<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff Kristina Callahan, by and through counsel, for her Collective Action Complaint against Defendant Progressive Living, Inc. (also hereinafter referred to as "Progressive Living" or "Defendant"), states and alleges the following:

**INTRODUCTION**

1. Plaintiff brings this case to challenge the policies and practices of Defendant Progressive Living, Inc. that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the laws of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Kristina Callahan was a citizen of the United States and a resident of Marion County, Ohio.

6. Defendant Progressive Living, Inc. is an Ohio non-profit corporation[1] with its principal place of business in Marion County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Progressive Living's statutory agent for service of process is Barbara A. Smith, 3523 Pleasant Hill Rd. Marion, OH 43302.[2]

## FACTUAL ALLEGATIONS

### Defendant's Business

7. Defendant Progressive Living is a home health agency providing in home health aides.[3]

### Defendant's Status as an Employer

---

[1] https://businesssearch.ohiosos.gov/?=businessDetails/797125 (accessed Feb. 14, 2020).
[2] *Id.*
[3] *See* https://www.careinhomes.com/Marion-OH/progressive-living-inc--3 (accessed Feb. 16, 2020).

8. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff.

9. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's and the FLSA Collective's Non-Exempt Employment Statuses with Defendant

12. Plaintiff Kristina Callahan was employed by Defendant from approximately June 2018 to January 2020 as an hourly home health aide.

13. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

14. At all times relevant, Plaintiff and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendant's Failure to Pay Overtime Compensation

15. During their employment with Defendant, Plaintiff and the FLSA Collective were required to work substantial amounts of overtime.

16. Plaintiff regularly worked 80 or more hours per week as a home health aide. For example, during the workweek August 19, 2018 to August 25, 2018, Plaintiff worked 80.5 hours.

17. However, instead of compensating Plaintiff and the FLSA Collective at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendant regularly paid Plaintiff and the FLSA Collective less than one and one-half times their

regular hourly rates for hours more than forty (40) hours per workweek. For example, during the workweek August 19, 2018 to August 25, 2018, Plaintiff was paid for 32.5 hours at $9.00 per hour, and 48 hours at $8.30 per hour, for a total gross pay of $690.90.

18. Although Defendant suffered and permitted Plaintiff and the FLSA Collective to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the FLSA Collective overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and the FLSA Collective were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

19. Under 29 C.F.R. § 785.22, employers may deduct "bona fide meal periods and a bona fide regularly scheduled sleeping period" from the count of compensable hours for employees who work 24-hour shifts if: (i) an employee is required to be on duty for 24 hours or more; (ii) adequate sleeping facilities are furnished by the employer; (iii) the employee has a scheduled sleeping period of not more than eight hours, and (iv) the employee actually receives five uninterrupted hours of sleep. The regulation further states that "[i]f sleeping period is of more than 8 hours, only 8 hours will be credited" and that "[i]f the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked."

20. As home health aides, Plaintiff and the FLSA Collective did not work 24-hour or more shifts, and Defendant was disqualified from taking a sleep credit where home health aides did not work 24-hour or more shifts. *See* 29 C.F.R. § 785.21 ("[a]n employee who is required to be on duty for less than 24 hours is working even though he is permitted to sleep or engage in other personal activities when not busy."). Furthermore, Defendant did not furnish adequate sleeping facilities – home health aides were expected to sleep on the couches and/or floors of

client homes. Defendant also unlawfully took a sleep credit for more than eight hours as permitted by the regulation. In addition, Plaintiff and the FLSA Collective were not completely relieved of their job duties during overnight shifts as Plaintiff and the FLSA Collective were expected to assist Defendant's clients throughout the night. While working "sleep shifts", Plaintiff and the FLSA Collective were required to care for Defendant's clients as required by their job duties, including assisting clients to use the restroom or change diapers, assisting clients to change their sleeping positions or make themselves more comfortable, and perform any other home health related duties as needed. Plaintiff and the FLSA Collective were therefore regularly unable to use their time freely or to sleep at least five (5) hours without being interrupted to perform their job duties. Because of Plaintiff's and the FLSA Collective's job duties, Plaintiff and the FLSA Collective regularly could not sleep, nor did these employees regularly sleep, at least five (5) consecutive hours at a time while working sleep shifts for Defendant.

21. Defendant's failure to compensate Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendant's Failure to Pay All Hours Worked

22. In addition to the above unlawful overtime payroll practices or policies, while Plaintiff and the FLSA Collective were paid on an hourly basis, Defendant consistently failed to pay Plaintiff and the FLSA Collective for all hours worked. 29 U.S.C. §§ 206-207.

23. For example, Defendant did not calculate or pay Plaintiff and the FLSA Collective for travel time between client locations, from job site to job site, during weeks in which they worked 40 or more hours. *See* 29 C.F.R. § 785.38.

24. As a result, Plaintiff and the FLSA Collective were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

### Defendant's Record-Keeping Violations

25. The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, Ohio law provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

26. Defendant violated federal and state record-keeping requirements by failing to maintain accurate and complete records of Plaintiff's and the FLSA Collective's time worked.

27. The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111; and Ohio Const. Art. II, § 34a.

### The Willfulness of Defendant's Violations

28. Defendant knew that Plaintiff and the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

29. Defendant intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

6

31. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

32. The FLSA Collective consists of:

> All current and former home health aides and other workers with similar job titles, duties and/or positions of Defendant during the period of three years preceding the commencement of this action to the present.

33. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

34. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

35. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of approximately 15-20 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

38. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

39. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

40. Defendant did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

41. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

42. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

8

45. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

46. Defendant's failure to compensate overtime hours and Defendant's failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

47. These violations of Ohio law injured Plaintiff and the FLSA Collective in that they did not receive wages due to them pursuant to that statute.

48. Having injured Plaintiff and the FLSA Collective, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D. Award Plaintiff compensatory and punitive damages, her costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)